IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

UNITED STATES OF AMERICA                                                             PLAINTIFF

V.                                                                CAUSE NO.: 2:12CV110-SA-JMV

ROBERT STEVEN POWELL,
PEGGY MCCABE POWELL,
TEXORE INVESTMENT CLUB, INC.,
KIM LITTLE, and
CALVIN ALLEN                                                                       DEFENDANTS

MEMORANDUM OPINION

The United States of America brought this action to foreclose federal tax liens on Robert Steven Powell's alleged interest in real property located at 103 Janey Drive, Senatobia, Mississippi 38668, even though Texore Investment Club, Inc. holds title to the Subject Property. After filing its Complaint [1], Defendant Peggy McCabe Powell filed a Motion to Dismiss [4]. The Clerk thereafter filed an Entry of Default against Texore Investment Club, Inc., and that entity filed a Motion to Vacate the Entry of Default [20]. Robert Steven Powell and Texore then filed a Motion to Dismiss for failure to state a claim [19]. The United States amended the complaint [43] and added two defendants, Kim Little and Calvin Allen. All Defendants filed a Motion to Dismiss the Amended Complaint [46] together.

*Entry of Default*

As an initial matter, the Court addresses the entry of default against Texore Investment Club. Texore was served with the original complaint no later than October 2, 2012. The United States requested that the Clerk of Court enter default on October 25. The Clerk entered default the next day. On November 2, 2012, Texore requested the Court vacate entry of default without

explaining what caused the delay in responding to the complaint.[1] However, Texore did sufficiently describe communications its initial attorney had with the Government's attorney and attached an affidavit echoing the same.

Under Federal Rule of Civil Procedure 55, the Court "may set aside an entry of default for good cause." FED. R. CIV. P. 55(c). The United States Court of Appeals for the Fifth Circuit has set forth several factors it considers relevant in determining whether there is good cause to set aside a default entry. Those are "whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented." Lacy v. Sitel Corp., 227 F.3d 290, 292 (5th Cir. 2000) (quoting Dierschke v. O'Cheskey (In re Dierschke), 975 F.2d 181, 184 (5th Cir. 1992)). This list is not exclusive, and the Court may consider other factors, "including whether 'the defendant acted expeditiously to correct the default.'" Id. Finally, where there is a "willful default," or "an intentional failure of responsive pleadings," the default entry should stand. Id.

"Federal courts generally disfavor default judgments, preferring to resolve disputes according to their merits." Harper Macleod Solicitors v. Keaty & Keaty, 260 F.3d 389, 393 (5th Cir. 2001) (citations omitted). Therefore, they "should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement." Jefferson v. La. Dep't of Pub. Safety & Corrs., 401 F. App'x 927, 929 (5th Cir. 2010) (per curiam) (citation omitted). Here, Texore has demonstrated that its default was not willful. The United States has likewise not demonstrated that it will be prejudiced if the entry of default is set aside. The only "prejudice" they point to is the fact that Texore failed to timely plead in this case. Plaintiff has

---

[1] Texore also argued it was not provided sufficient notice as it had made an "informal appearance" in this matter. However, Rule 55(a) has no such notice provision, and the Court can only assume Texore was confusing the requirements of an "Entry of Default" with the notice requirements of a "Default Judgment." Compare Fed. R. Civ. P. 55(a) with Fed. R. Civ. P. 55(b) (requiring notice of a default judgment hearing if a defendant has "appeared").

not shown that setting aside the default entry will lead to a loss of evidence or similar disadvantage. Indeed, "[t]here is no prejudice to the plaintiff where 'the setting aside of the default has done no harm to plaintiff except to require it to prove its case,'" and merely gives "the defendants their day in court." Lacy, 227 F.3d at 293 (quoting Gen. Tel. Corp. v. Gen. Tel. Answering Serv., 277 F.2d 919, 921 (5th Cir. 1960)). Accordingly, the Clerk's Entry of Default against Defendant Texore Investment Club, Inc., is hereby set aside.

*Factual and Procedural Background*

Robert Powell failed to file federal income tax returns for the taxable years 1999, 2000, 2001, 2002, and 2003. As a result, Powell owes the United States $585,146.73 as of January 1, 2012, for the assessed income tax, penalties, interest, and civil penalties imposed by the United States Tax Court.

The United States alleges that Texore Investment Club was incorporated for the purpose of acquiring title to the Subject Property as Robert and Peggy Powell's nominee. The Complaint asserts that the Powells contracted for the sale of the property, signed the contract for sale, and paid $122,200.00 cash for the property. Moreover, the Powells resided at the Subject Property for a period of time even though they placed the title to that property in the name of Texore Investment Club. The United States has filed tax liens on the property at 103 Janey Drive, Senatobia, Mississippi 38668, and seeks to foreclose that property and use the proceeds to satisfy the federal tax liens levied thereon.

Defendants filed motions to dismiss simply requesting that the Court "dismiss the amended complaint herein for its failure to state a claim upon which relief can be granted."

*Motion to Dismiss Standard*

In considering a motion under Rule 12(b)(6), the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit, 369 F.3d 464, 467 (5th Cir. 2004) (quoting Jones v. Greninger, 188 F.3d 322, 324 (5th Cir. 1999)). To overcome a Rule 12(b)(6) motion, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 555, 127 S. Ct. 1955 (citations and footnote omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citing Twombly, 550 U.S. at 556, 127 S. Ct. 1955). It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" Id. at 679, 129 S. Ct. 1937 (quoting FED. R. CIV. P. 8(a)(2)). "This standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." In re S. Scrap Material Co., LLC, 541 F.3d 584, 587 (5th Cir. 2008) (citing Twombly, 550 U.S. at 556, 127 S. Ct. 1955).

*Discussion and Analysis*

The United States has filed this action seeking an adjudication, *inter alia*, that (1) there is a valid statutory lien attached to all property and rights to property belonging to Robert Steven Powell, including the property at issue; (2) Texore Investment Club, Inc. is holding title to the

4

property as a nominee on behalf of Robert and Peggy Powell, or is holding the property in constructive trust for the benefit of the United States; and (3) the tax liens should be foreclosed on Robert Powell's interest on the Subject Property, and that property be sold free and clear of liens. The United States has sufficiently pled facts to show that Robert Powell owes the United States a sum of money for income tax liabilities, penalties, interest, and civil penalties owed. Plaintiff has also pled that federal tax liens have been placed against Robert Steven Powell in Tate County, as well as the "Texore Investment Club, as nominee, transferee and/or alter-ego of Robert Steven Powell on account of his income tax liabilities for the 1999, 2000, 2001, 2002, and 2003 tax years and 1999 civil penalty."

The Fifth Circuit has noted that the concepts of "nominee," "transferee," and "alter ego" are independent bases for attaching the property of a third party in satisfaction of a delinquent taxpayer's liability. Oxford Capital Corp. v. United States, 211 F.3d 280, 284 (5th Cir. 2000). "A nominee theory involves the determination of the true beneficial ownership of property. An alter ego theory focuses more on those facts associated with a 'piercing the corporate veil' analysis. In contrast, a transferee theory requires (1) an intent to defraud the Internal Revenue Service as a creditor or (2) a transfer without consideration which rendered the taxpayer insolvent. These issues are fact-intensive and involve imprecise legal rules." William D. Elliot, *Federal Tax Collections, Liens and Levies* p. 9.10[2] (2d Ed. 2000). Specific property in which a third person has legal title may be levied upon as a nominee of the taxpayer if the taxpayer in fact has beneficial ownership of the property. See, e.g., Towe Antique Ford Found. v. Internal Revenue Service, 791 F. Supp. 1450, 1454 (D. Mont.1992), aff'd w/o opinion, 999 F.2d 1387 (9th Cir. 1993). The court in Towe listed the following factors that are generally considered in determining nominee status: "(a) No consideration or inadequate consideration paid by the

nominee; (b) Property placed in the name of the nominee in anticipation of a suit or occurrence of liabilities while the transferor continues to exercise control over the property; (c) Close relationship between transferor and the nominee; (d) Failure to record conveyance; (e) Retention of possession by the transferor; and (f) Continued enjoyment by the transferor of benefits of the transferred property." Towe Antique Ford Found., 791 F. Supp. at 1454 (citing United States v. Miller Bros. Constr. Co., 505 F.2d 1031 (10th Cir. 1974)).

Under the alter ego doctrine, however, all the assets of an alter ego corporation may be levied upon to satisfy the tax liabilities of a delinquent taxpayer-shareholder if the separate corporate identity is merely a sham, i.e., it does not exist independent of its controlling shareholder and that it was established for no reasonable business purpose or for fraudulent purposes. See United States v. Jon-T Chemicals, 768 F.2d 686 (5th Cir. 1985). While adopting a totality of the circumstances test, this Circuit has developed a non-exhaustive list of factors to consider: (1) the parent and subsidiary have common stock ownership; (2) the parent and subsidiary have common directors or officers; (3) the parent and subsidiary have common business departments; (4) the parent and subsidiary file consolidated financial statements; (5) the parent finances the subsidiary; (6) the parent caused the incorporation of the subsidiary; (7) the subsidiary operated with grossly inadequate capital; (8) the parent pays salaries and other expenses of subsidiary; (9) the subsidiary receives no business except that given by the parent; (10) the parent uses the subsidiary's property as its own; (11) the daily operations of the two corporations are not kept separate; (12) the subsidiary does not observe corporate formalities. See Century Hotels v. United States, 952 F.2d 107, 110 n.5 (5th Cir. 1992).

The Court finds that the United States has sufficiently stated a claim for relief that Texore Investment Club, Inc., is holding title to the Subject Property either as a nominee, transferee,

6

and/or alter ego on behalf of Robert Steven Powell and Peggy McCabe Powell. The United States has particularly alleged that the Powells paid cash for the property, signed the contract for the property although their names were deleted from the agreement, resided at the Subject Property for a period of time, took possession of the property, and continue to enjoy the use of the Subject Property. The United States further pleads that the Texore Investment Club paid no consideration for the Subject Property, but that the Powells placed the Subject Property in the name of Texore Investment Club knowing that Robert Powell would incur liabilities. The Complaint further outlines the Texore Investment Club's structure, alleging that such entity was "incorporated for the purpose of acquiring title to the Subject Property." Accordingly, the United States has pled a plausible right to relief, and Defendants' Motion to Dismiss the Amended Complaint [46] is DENIED. All prior motions to dismiss are denied as well.

*Conclusion*

Texore Investment Club, Inc.'s Motion to Set Aside the Entry of Default is GRANTED, as Texore has shown that its failure to answer within the time necessitated by the Federal Rules of Civil Procedure was not willful, and the United States could show no prejudice resulting from vacation of the default. Further, the Court finds that the United States has pled enough facts to state a claim to relief that is plausible on its face. Therefore, Defendants motions to dismiss [4, 19, 46] are DENIED.

SO ORDERED, this the 4th day of September, 2013.

        **/s/ Sharion Aycock**
        **U.S. DISTRICT JUDGE**