IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

UNITED STATES OF AMERICA                                          PLAINTIFF

V.                                              CAUSE NO.: 2:12CV110-SA-JMV

ROBERT STEVEN POWELL,
PEGGY MCCABE POWELL,
TEXORE INVESTMENT CLUB, INC.,
KIM LITTLE, and
CALVIN ALLEN                                                     DEFENDANTS

MEMORANDUM OPINION

The United States brings this action to foreclose tax liens on Robert Steven Powell's interest in real property located at 103 Janey Drive, Senatobia, Mississippi, 38668 ("Subject Property"). A Motion for Summary Judgment [55] has been filed seeking judgment as a matter of law in favor of the United States. After reviewing the motions, response, rules and authorities, the Court finds that the federal tax lien may be foreclosed on Robert Steven Powell's interest in the Subject Property as it is held by a third party for the benefit of the delinquent taxpayer. Summary Judgment GRANTED.

*Factual and Procedural Background*

Robert Steven Powell has accumulated, as of September 30, 2013, $529,887.09 in unpaid federal income tax liabilities, penalties, and interest for the taxable years 1999 through 2003. Powell contends his status as a United States citizen exempts him from paying federal income tax to the United States. For the taxable years 1999, 2000, 2001, 2002, and 2003, the IRS determined Powell's income tax liabilities and issued notices of deficiency pursuant to 26 U.S.C. § 6212(a). Powell failed to file a petition challenging the notices of deficiency, however, he did request a collection due process hearing in response to an October 12, 2005, Final Notice of

Intent to Levy with respect to the 1999-2002 tax years. Powell thereafter filed a petition with the United States Tax Court challenging the IRS's determination. That determination was sustained by the Tax Court. In addition, the Court imposed a civil penalty of $25,000 against Powell for his repeatedly raising frivolous and groundless arguments.

Robert Steven Powell and his wife, Peggy McCabe Powell, incorporated Texore Investment Club, Inc. in Nevada on April 15, 2002. That corporation was formed, with Peggy Powell as the sole shareholder, to hold property acquired in Senatobia, Mississippi. Shortly after its incorporation, the title to the Subject Property was placed in Texore's name after its purchase using funds attributable to both Robert Steven Powell and Peggy Powell individually, as well as cash borrowed as an advance on jointly owned credit cards. The Powells then funneled their own money into repairs of the Subject Property and resided there for more than seven years. After moving out of the state, Robert Steven Powell contracted with a local real estate agency to manage the 103 Janey Street residence as rental property. Since that time, Calvin Allen and Kim Little, named defendants, have rented the Subject Property, paying rents through the real estate agency.

The United States placed federal tax liens pursuant to the IRS's assessment of the unpaid tax liabilities in favor of the United States on all property, and rights to property, belonging to Robert Steven Powell in Tate County, Mississippi. Notices of Federal Tax Lien were filed on March 23, 2006, June 29, 2007 and July 9, 2007, November 30, 2009, against Robert Steven Powell and Texore Investment Club, as nominee, transferee, and/or alter-ego of Robert Steven Powell, on account of Powell's income tax liabilities for the 1999, 2000, 2001, 2002, and 2003 tax years and 1999 civil penalty. The United States now seeks to foreclose on those tax liens and

pursue this litigation to force the sale of the property and apply Robert Steven Powell's proceeds to his federal tax liabilities. The United States has filed a motion seeking judgment to that effect.

*Summary Judgment Standard*

Summary judgment is warranted under Rule 56(a) of the Federal Rules of Civil Procedure when the evidence reveals there is no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law. The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts demonstrating a genuine issue for trial. TIG Ins. Co. v. Sedgwick James of Wash., 276 F.3d 754, 759 (5th Cir. 2002). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record . . . or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1). The court is only obligated to consider cited materials but may consider other materials in the record. Id. at 56(c)(3). The court must resolve factual controversies in favor of the nonmovant "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994). When such contradictory facts exist, the court may "not make credibility determinations or weigh the evidence." Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000).

*Discussion and Analysis*

In its Motion for Summary Judgment, the United States seeks a declaration that "by virtue of the federal income tax assessments against Robert Steven Powell made by the IRS for the 1999 through 2003 tax years, the United States has valid and subsisting statutory liens that attach to all property and rights to property belonging to Robert Steven Powell," including the Subject Property. Further, the United States contends that Texore Investment Club, Inc. is holding title to the Subject Property as a nominee on behalf of Robert Steven Powell and Peggy McCabe Powell, or in the alternative, that as a matter of equity the Subject Property is held in constructive trust by its trustee Texore Investment Club, Inc. for the benefit of the United States.

"A nominee theory involves the determination of the true beneficial or equitable ownership of the property" and constitutes an "independent bas[i]s for attaching the property of a third party in satisfaction of a delinquent taxpayer's liability." Oxford Capital Corp. v. United States, 211 F.3d 280, 284 (5th Cir. 2000). Indeed, specific property in which a third person has legal title may be levied upon as a nominee of the taxpayer if the taxpayer in fact has beneficial ownership of the property. See, e.g., Towe Antique Ford Found. v. Internal Revenue Service, 791 F. Supp. 1450, 1454 (D. Mont. 1992), aff'd w/o opinion, 999 F.2d 1387 (9th Cir. 1993). The court must consider the following non-exclusive factors when determining nominee status: "(a) [n]o consideration or inadequate consideration paid by the nominee; (b) [p]roperty placed in the name of the nominee in anticipation of a suit or occurrence of liabilities while the transferor continues to exercise control over the property; (c) [c]lose relationship between transferor and the nominee; (d) [f]ailure to record conveyance; (e) [r]etention of possession by the transferor; and (f) [c]ontinued enjoyment by the transferor of benefits of the transferred property." Oxford Capital, 211 F.3d at 284 n.1 (quoting Towe Antique Ford Found, 791 F. Supp. at 1454).

Here, Robert Powell negotiated the sale price of the Subject Property and paid $122,000 for the property jointly with Peggy Powell, despite their decision to title the property in Texore's name. There is no indication that Texore paid any money toward the purchase price of the Subject Property. The Sale Contract initially contained the Powells' names as the purchasers, and Robert Steven Powell admitted that Texore has never had a bank account or an account with any financial institution. Robert Steven Powell was the only party at the closing of the Sales Contract on the Subject Property.

Robert Steven Powell and Peggy Powell additionally moved into the residence after acquisition. Robert Steven Powell took out homeowners insurance on the property in his name and paid for necessary repairs, somewhere between $15,000 and $120,000. Powell also admitted to paying the property taxes as well as utilities and lawn service for the seven plus years the Powells resided at the 103 Janey Street residence.

Robert Steven Powell was aware at the time the Subject Property was purchased of his federal income tax liabilities. Indeed, he asserted his Fifth Amendment right against self-incrimination when questioned about those liabilities in his deposition. Despite the property being titled in Texore's name, Robert Steven Powell continued to exercise an extraordinary amount of control over the residence. Powell testified that he commonly made decisions about home repairs without consulting Peggy Powell, the sole shareholder of the property's title holder.

After reviewing the list of factors to be used to determine if a nominee theory is applicable, the Court is satisfied that Robert Steven Powell was the true beneficial or equitable owner of the property such that the United States is warranted in attaching his federal income tax liabilities to the Subject Property despite the property being titled in Texore's name. See United States v. Barnett, 452 F. App'x 569, 570 (5th Cir. Dec. 7, 2011) (affirming district court ruling

that defendant was the owner of the Subject Property as the corporation set up to purchase that property was merely his nominee).

Robert Steven Powell contends that because the IRS incorrectly assessed his tax liability for the year 1999, a question of fact exists precluding entry of summary judgment. The United States attached the Certificates of Assessment (Form 4340) for income tax years 1999-2003. "A [Form 4340] Certificate of Assessment and Payment . . . has been held to be presumptive proof of a valid assessment . . . ." United States v. McCallum, 970 F.2d 66, 71 (5th Cir. 1992). Not only does "IRS Form 4340 constitute[] valid evidence of a taxpayer's assessed liabilities, [but also] the IRS's notice thereof." Perez v. United States, 312 F.3d 191, 195 (5th Cir. 2002); Burnett, 452 F. App'x at 570. As the assessments presented are presumptively correct, the defendant must "shoulder the burden of proving the tax assessment was improper." Affiliated Foods, Inc. v. C.I.R., 154 F.3d 527, 530 (5th Cir. 1998). To satisfy this burden, the taxpayer must "prove by a preponderance of the evidence that the Commissioner's determination was erroneous." United States v. Lochamy, 724 F.2d 494, 497-98 (5th Cir. 1984).

Robert Steven Powell has offered a declaration stating that he sold a house in 1999 at a loss, but that the IRS erroneously credited him with selling the house at a gain of $170,750. Powell presented nothing else to support this contention. "[S]elf-serving allegations are not the type of 'significant probative evidence' required to defeat summary judgment." United States v. Lawrence, 276 F.3d 193, 197 (5th Cir. 2001); see also Clark v. America's Favorite Chicken Co., 110 F.3d 295, 297 (5th Cir. 1997) ("Unsupported allegations or affidavit or deposition testimony setting forth ultimate or conclusory facts and conclusions of law are insufficient to defeat a motion for summary judgment.").

Defendants have moved to strike the Form 4340s submitted as proof of tax liability assessment for the years at issue as they were not produced close in time to the alleged offenses, and the signature appears to be rubber-stamped. They seek to strike Lance Halbert's testimony based on those Forms as well. Moreover, the Defendants contend that the United States should be offering the RACS-006 forms instead of Form 4340.

To the extent that Defendants argue the affidavit and reports from Linda Oram are rubber-stamped, the contention is not persuasive. There is no facial evidence the forms are rubber-stamped, and the Court disregards the unauthenticated records attached to its Motion to Strike from another case. Further, as noted above, the Certificates of Assessment, Payment, and Other Specified Matters (Form 4340) are admissible evidence and presumptively correct. Payne v. United States, 383 F. App'x 483, 488 (5th Cir. 2010). Indeed, the Tenth Circuit has noted that a Form 4340 submitted without a corresponding RACS-006 is presumptive proof of a valid assessment. March v. IRS, 335 F.3d 1186, 1188-89 (10th Cir. 2003). Accordingly, the Court finds the Defendants' concerns over the admissibility of the Form 4340's to be unfounded. The Court further finds that the affidavit from Lance Halbert explaining the Form 4340 is admissible as well. Halbert sufficiently explained the basis of his knowledge, and the Court finds that the affidavit complies with the Federal Rules of Evidence. See FED. R. EVID. 803(6). The Motion to Strike is DENIED.

Therefore, based on the undisputed competent evidence submitted, the Court determines as a matter of law that Texore holds title to the Subject Property as the nominee of Robert Steven Powell. As a result, the United States may foreclose on its federal tax liens against the Subject Property. See United States v. Dolenz, 2011 U.S. Dist. LEXIS 105747, 8-9, 2011 WL 4351558 (N.D. Tex. June 16, 2011); United States v. Williams, 2008 U.S. Dist. LEXIS 107080, 2008 WL

5572655 at *13 (government entitled to foreclose federal lien against trust property where undisputed summary judgment evidence established that trust held property as nominee for delinquent taxpayer); Battle v. United States, 2007 U.S. Dist. LEXIS 98233, 2007 WL 1424553 at *6 (same).

*Conclusion*

The United States' Motion for Summary Judgment [55] is GRANTED. Judgment in entered in favor of the United States. The United States has fourteen days to submit a proposed decree of foreclosure and order of sale.

SO ORDERED, this the 18th day of March, 2014.

                                          **/s/ Sharion Aycock**
                                          **U.S. DISTRICT JUDGE**